Fee due

FULL NAME

Leonardo Magallon
COMMITTED NAME (if different)

Leonardo Magallon
FULL ADDRESS INCLUDING NAME OF INSTITUTION

FCS Terminal Island, 1299 Seaside Ave

San Pedro, CA 90733
PRISON NUMBER (if applicable)

18584-030

FILED

2021 FEB 19 PM 1:04

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY____eva_____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Leonardo Magallon

PLAINTIFF,

v.

Bureau of Prisons
et, al

DEFENDANT(S).

CASE NUMBER

LACV21-01540
*To be supplied by the Clerk*
VAP (JC)

**CIVIL RIGHTS COMPLAINT
PURSUANT TO** *(Check one)*

☐ 42 U.S.C. § 1983
☑ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes  ☑ No

2. If your answer to "1." is yes, how many? _____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

---

**CIVIL RIGHTS COMPLAINT**

a. Parties to this previous lawsuit:

Plaintiff _____

_____

Defendants _____

_____

b. Court _____

_____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it appealed?  Is it still pending?) _____

f. Issues raised: _____

_____

_____

g. Approximate date of filing lawsuit: _____

h. Approximate date of disposition _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☑ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☑ Yes   ☐ No

If your answer is no, explain why not _____

_____

_____

3. Is the grievance procedure completed? ☑ Yes   ☐ No

If your answer is no, explain why not _____

_____

4. Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff _Leonardo Magallon_____

(print plaintiff's name)

who presently resides at _Federal Correctional Institution, 1299 s. seaside Ave. 90731_.

(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_Federal Correctional Institution, Terminal Island 1299 s. Seaside Ave. San Pedro C.A 90731_

(institution/city where violation occurred)

on (date or dates) _June 5, 2019_____, _____, _____.
(Claim I)                    (Claim II)                    (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant _Rodriquez_____ resides or works at
   (full name of first defendant)

   _E.C.J (TRM) 1299 s. Seaside Ave San Pedro, CA 90731_
   (full address of first defendant)

   _S.H.U correctional officer_
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☑ individual   ☐ official capacity.

   Explain how this defendant was acting under color of law:
   _under eighth amendment condition of confinement, the defendant used_
   _extreme force and caused bodily harm_

2. Defendant _Calwile_____ resides or works at
   (full name of first defendant)

   _F.C.J (TRM) 1299 s. seaside Ave San Pedro, CA, 90731_
   (full address of first defendant)

   _Lieutenant_
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☑ individual   ☐ official capacity.

   Explain how this defendant was acting under color of law:
   _under eighth amendment condition of confinement, the defendant_
   _used extreme force and caused bodily harm_

3. Defendant _Cerna_____ resides or works at
   (full name of first defendant)

   _F.C.J (TRM) 1299 s. Seaside Ave San Pedro, CA 90731_
   (full address of first defendant)

   _S.H.U correctional officer_
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☑ individual   ☐ official capacity.

   Explain how this defendant was acting under color of law:
   _under eighth amendment condition of confinement, the defendant_
   _used extreme force and caused bodily harm_

4. Defendant _Bakalian_ resides or works at
(full name of first defendant)

_F.C.I (TRM) 1299 s. Seaside Ave. San Pedro, CA 90731_
(full address of first defendant)

_Medical staff_
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_under eighth amendment condition of confinement, the defendant used extreme force and caused bodily harm_

5. Defendant _Lara_ resides or works at
(full name of first defendant)

_F.C.I (TRM) 1299 s. Seaside Ave. San Pedro, CA 90731_
(full address of first defendant)

_S.H.U Correctional officer_
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_under eighth amendment condition of confinement, the defendant used extreme force and caused bodily harm_

_See attached Pages_

6. Defendant     Monarez                    resides or works at
              F.C.I (TRM) 1299 Seaside Ave. San Pedro, CA 90731
              F.C.I (TRM) Captain


The defendant is sued in his/her (check one or both): ☑ individual
                                                    ☐ official capacity
Explain how this defendant was acting under color of law:
under eighth amendment condition of confinement, the defendant used
extreme force and caused bodily harm


7. Defendant     Buckle                     resides or works at
              F.C.I (TRM) 1299 S. Seaside Ave. San Pedro, CA  90731
              F.C.I (TRM) Lieutenant


The defendant is sued in his/her (check one or both): ☑ individual
                                                    ☐ official capacity
Explain how this defendant was acting under color of law:
under eighth amendment condition of confinement, the defendant used
extreme force and caused bodily harm

8. Defendant       solis                        resides or works at
                   F.C.I (TRM) 1299 S. Seaside Ave. San Pedro, CA 90731
                   S.H.U correctional officer

The defendant is sued in his/her (check one or both): ☒ individual
                                                      ☐ official Capacity

Explain how this defendant was acting under color of law:
under eighth amendment condition of confinement, the defendant used
extreme force and caused bodily harm

9. Defendant       Del Rio                       resides or works at
                   F.C.I (TRM) 1299 S. Seaside Ave. san Pedro, CA, 90731
                   S.H.U correctional officer

The defendant is sued in his/her (check one or both): ☒ individual
                                                      ☐ official Capacity

Explain how this defendant was acting under color of law:
under eighth amendment condition of confinement, the defendant used
extreme force and caused bodily harm

## D. CLAIMS*

### CLAIM I

The following civil right has been violated:

The defendants violated the Plaintiff Eight Amendment rights of the U.S. Constitution, which prohibits "cruel and unusual punishment." The Supreme court has interpreted this clause to prohibit punishment that indicate torture, or use of coral punishment, unnecessary cruelty, or something inhuman and barbarous, when the punishment is disproportionate to the offense, and when the punishment is unnecessarily cruel in view of the purpose for which is used.

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

1 • On or about April 10, 2018 U.S Marshal at united states court house in Des Moines, Iowa stated I have the right to refuse to submit to DNA swabs. unknown U.S Marshal (John Doe) can be identified by U.S court house in Des Moines, Iowa work schedule.

2 • On or about June 4, 2019 I was transfered to F.C.I Terminal Island. unknown officer (John Doe) request me to supply a DNA sample, following unknown U.S Marshal (John Doe) advise, I refuse to provide a sample of my DNA. unknown officer (John Doe) asked why, I explained unknown U.S Marshal (John Doe) stated I could refuse. unknown officer (John Doe) name can be discovered by BOP work schedule for Terminal Island on that day.

3 • After refusing I was placed in a cell by myself.

4 • Lieutenant Buckle approached the cell and proceed to handcuff me, with my hands behind my back, I was escorted by the defendant to special Housing Unit (S.H.U).

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

See Attached Pages

5. On or about June 5, 2019 around 11:00 am Lieutenant Calwile approached the cell and asked why I refused to give a sample of my DNA, I stated the reason. Lieutenant Calwile stated, you can give us the sample, the easy way or the hard way. Lieutenant Calwile stated, "the hard way we beat it out of you".

6. On or about June 5, 2019 around 11:08am Lieutenant Calwile handcuff me and escorted me to a cage located in the Special Housing Unit (S.H.U) office. Officers Rodriguez and Solis escort me to a conference room around 11:50am, where I was beaten by officers whom I remember by Rodriguez, Solis, Cerna, Del Rio, Lara, Calwile, Buckle, Monarez, and medical personel known to be, Bakalian.

7. After being placed back in Special Housing Unit (S.H.U) I was denied medical attention, I was left in the Special Housing Unit (S.H.U) for three weeks.

8. I tried to file administrative remedy, and had no reply

9. I filed a letter to the Inspector General and no reply

10. I filed a letter with A.C.L.U, no reply

11. I filed for torte claim with no action or reply

12. This Claim does not alter the BOP policy or procedures, the action is brought against the defendant(s) for their unlawful actions.

13. The defendant(s) continued to harrass me, humiliate me, put me down by calling me DNA and remind me of their unlawful actions. I receive threats/reminders of their unlawful actions if I don't do as they please. The defendant(s) have created a hostile environment for myself calling me DNA.

14. At no time did any prison official bring to my attention why I could not refuse

15. This shocking cruel and unusual punishment does not have any legitimate penological objective. The institutions video system can provide a record of transportation and defendant(s) Rodriguez, Monarez, Calwile, Cerna, Lara, Bakalian, Solis, Del Rio, and Buckle All present at the scene and how the injuries occured by the violent acts of the defendant(s)

listed above.

16  •Under the Eighth amendment court has now allowed Bivens claims under cruel and unusual punishment under Rodriguez—Ramirez v. Sessions.

Footnote:
          "officers"—the term "officers" as used herein refers to any federal official or employee, regardless of the level or nature of their position.

E.  **REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

The plaintiff has suffered and will continues to suffer pain, emotional distress over deprivation of constitutionally protected rights.

The plaintiff request damages for compensate for ;
(a) past, present and future mental pain, anguish and suffering
(b) Past, present and future physical pain, suffering and loss of function, including but not limited to rehabilitation cost, doctor/counseling bills, hospitals bills, medical test, pharmaceutical bills, laboratory examination, physical examination cost and diagnostic studies

The harm or risk to plaintiff health and safety from abuse set forth in this complaint has been obvious within the correctional facilities. unless restrained by the court, the defendant(s) will continue to engage in the above conduct and practices set forth in this complaint that deprive the plaintiff of his rights, privileges, or immunities secured or protected by the constitution of the United States.

The plaintiff request Judgement against the defendant's and prays that the court enters an order requiring the defendants to account to the plaintiff and following the accounting, the court enters a Judgement in favor of the plaintiff and against the defendant's for the amount of 5 million dollars.

Fabuary 4, 2021
*(Date)*

_Lavarch Mcallen_
*(Signature of Plaintiff)*
Federal Correctional Institution
Terminal Island
1299 Seaside Ave.
San Pedro, CA 90733

FOREVER / USA
FOREVER / USA

Leonardo Magallon 18584-030
Federal Correctional Institution
Terminal Island
1299 Seaside Ave.
San Pedro, CA
90731

CLERK U.S. DISTRICT COURT

FEB 1 9 2021

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

Southern Division
411 West Fourth St., RM. 1053
Santa Ana, CA 92701-4516