UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARDO MAGALLON, | Case No. 2:21-cv-1540-VAP (MAR) |
| Petitioner, | MEMORANDUM AND ORDER DISMISSING CASE |
| v. | |
| BUREAU OF PRISONS, ET AL., | |
| Defendant(s). | |

**I.**

**INTRODUCTION**

On February 4, 2021, Plaintiff Leonardo Magallon ("Plaintiff") constructively filed[1] a pro se Civil Rights Complaint ("Complaint") pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics ("Bivens"), 403 U.S. 388 (1971). ECF Docket No. ("Dkt.") 1. On March 12, 2021, the Court issued an Order Dismissing the Complaint with Leave to Amend ("ODLA"), granting Plaintiff twenty (20) days to file a First Amended Complaint ("FAC"). Dkt. 8 at 11–12. On March

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); see also Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners"); Van Strum v. Lawn, 940 F. 2d 406, 409 (9th Cir. 1991) (noting section 1983 and Bivens action are the same except for replacement of state actor under section 1983 with federal actor under Bivens).

23, 2021, Plaintiff constructively filed his FAC, which the Court dismissed with leave to amend on May 4, 2021, granting Plaintiff twenty-one (21) days to file a Second Amended Complaint ("SAC").  Dkts. 10; 12 at 17.

On September 3, 2021, the Court granted Plaintiff a thirty (30) day extension to file his SAC, by October 4, 2021.  Dkt. 17 at 1.  The Court's September 3, 2021 Order explicitly warned that "Plaintiff's failure to comply with this Order **will** result in the dismissal of this Action."  Id. (emphasis in original).  On October 26, 2021, the Court granted Plaintiff an additional thirty (30) days to file the SAC, again warning Plaintiff that "failure to comply with this Order **will** result in the dismissal of this Action."  Dkt. 18 at 1.

To date, Plaintiff has not filed a SAC.  For the reasons below, the Court **DISMISSES** this action, without prejudice.

## II.
## BACKGROUND

On February 4, 2021, Plaintiff, proceeding pro se and in forma pauperis ("IFP"), constructively filed a Civil Rights Complaint pursuant to Bivens.  Dkt. 1.  On March 12, 2021, the Court issued an ODLA, granting Plaintiff twenty (20) days to file a FAC.  Dkt. 8 at 11–12.  On March 23, 2021 Plaintiff constructively filed his First Amended Complaint.  Dkt. 10.  On May 4, 2021, the Court issued an ODLA dismissing the FAC.  Dkt. 12 at 17.  The Court's ODLA cautioned Plaintiff that failure to comply with the ODLA "**may** result in this action being dismissed with or without prejudice[.]"  Id. at 19.

On May 28, 2021, Plaintiff constructively filed a Request for Extension of Time to file a SAC.  Dkt. 13.  On June 9, 2021, the Court granted Plaintiff's Request for Extension of Time, giving Plaintiff an additional thirty (30) days to file his SAC.  Dkt. 14.

On July 23, 2021, the Court issued an Order to Show Cause ("OSC") why the Complaint should not be dismissed for lack of prosecution, which warned that

1  "[f]ailure to respond to the Court's Order **may** result in the dismissal of the action."
2  Dkt. 15 at 2 (emphasis added).  On August 17, 2021, Plaintiff filed what the Court
3  construed as a Request for Extension of Time to file a SAC.  Dkt. 16.  On September
4  3, 2021, the Court granted Plaintiff's Request for Extension of Time, giving him
5  another thirty (30) days to file his SAC and warning him that "Plaintiff's failure to
6  comply with this Order **will** result in the dismissal of this Action."  Dkt. 17 at 1
7  (emphasis in original).

8  On October 26, 2021, the Court granted Plaintiff an additional thirty (30) days
9  to file the SAC, again warning that "failure to comply with this Order **will** result in the
10 dismissal of this Action."  Dkt. 18 at 1.  Plaintiff has not corresponded with the Court
11 at all since August 17, 2021.

## III.

## DISCUSSION

### A. APPLICABLE LAW

District courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629–30 (1962); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five (5) factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Omstead v. Dell,

1 Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson v. Duncan, 779 F.2d
2 1421, 1423 (9th Cir. 1986)).

3 "[The Ninth Circuit] 'may affirm dismissal where at least four factors support
4 dismissal . . . or where at least three factors "strongly" support dismissal.' " Yourish
5 v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (quoting Hernandez v. City
6 of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)). In a case involving sua sponte
7 dismissal, however, the fifth Henderson factor regarding the availability of less drastic
8 sanctions warrants special focus. Hernandez, 138 F.3d at 399.

**B.  ANALYSIS**

**1.  The public's interest in expeditious resolution of litigation**

In the instant action, the public's interest in expeditious resolution of litigation weighs in favor of dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in expeditious resolution of litigation always favors dismissal." (quoting Yourish, above) (internal quotation omitted)). Plaintiff has not filed a Second Amended Complaint in compliance with the Court's May 4, 2021 ODLA or otherwise responded to the Court's September 3, 2021 Minute Order and the Court's October 26, 2021 Order to Show Cause. Dkts. 12; 17; 18. In fact, Plaintiff has not corresponded with the Court at all since he filed his Request for Extension of Time on August 17, 2021. Dkt. 16. Given that Plaintiff has failed to interact with the Court for over three (3) months, this factor weighs in favor of dismissal. See Dkt. 16; see also Pagtalunan, 291 F.3d at 642 (finding that the plaintiff's failure to pursue the case for almost four (4) months weighed in favor of dismissal).

**2.  The Court's need to manage its docket**

The second factor—the Court's need to manage its docket—likewise weighs in favor of Dismissal. Courts have "the power to manage their dockets without being subject to the endless vexatious noncompliance of litigants." See Ferdik, 963 F.2d at 1261. As such, the second factor looks to whether a particular case has "consumed . .

4

1 . time that could have been devoted to other cases on the [Court's] docket." See
2 Pagtalunan, 291 F.3d at 642; Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th
3 Cir. 2004) ("[R]esources continue to be consumed by a case sitting idly on the court's
4 docket.").

5       On May 4, 2021, the Court issued an Order Dismissing the First Amended
6 Complaint with Leave to Amend ordering Plaintiff to file a SAC within twenty-one
7 (21) days of the service date of the Order. Dkt. 12. The ODLA explicitly cautioned
8 Plaintiff "failure to timely file a Second Amended Complaint . . . **may** result in this
9 action being dismissed with or without prejudice[.]" Id. at 19.

10       On July 23, 2021, after Plaintiff failed to respond to the ODLA, the Court
11 issued an OSC why the Complaint should not be dismissed for lack of prosecution.
12 Dkt. 15. The Court's July 23, 2021 OSC cautioned Plaintiff that failure to comply
13 may result in dismissal for lack of prosecution. Id. at 2. On August 17, 2021, Plaintiff
14 filed a Request for Extension of Time, which the Court granted on September 3,
15 2021, warning Plaintiff that failure to respond will result in dismissal. Dkts. 16; 17 at
16 1. On October 26, 2021, the Court issued an Order to Show Cause, giving Plaintiff
17 an additional thirty (30) days to file his SAC and again warning Plaintiff that failure to
18 comply with the Order would result in dismissal of this Action. Dkt. 18 at 1.

19       Plaintiff has failed to comply, or otherwise respond, to any of the Court's
20 Orders, all of which warned Plaintiff that his failure to comply could or would result
21 in the recommended dismissal of his First Amended Complaint. See Dkts. 12 at 19;
22 15 at 2; 17 at 1; 18 at 1. Plaintiff's failure to prosecute and follow Court Orders
23 hinders the Court's ability to move this case toward disposition and suggests Plaintiff
24 does not intend to or cannot litigate this action diligently. Consequently, the Court's
25 need to manage its docket favors dismissal here.

26     **3.**    **The risk of prejudice to Defendant**
27       The third factor—prejudice to Defendant(s)—also weighs in favor of dismissal.
28 A rebuttable presumption of prejudice to defendant arises when plaintiffs

unreasonably delay prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452–53 (9th Cir. 1994) ("[T]he failure to prosecute diligently is sufficient by itself to justify dismissal . . . [t]he law presumes injury from unreasonable delay.").

Nothing suggests such a presumption is unwarranted in this case. Plaintiff has not provided any reason for his failure to comply with either the Court's ODLA, OSs, or Minute Order and for his failure to communicate with the Court since he filed his Request on August 17, 2021. Dkt. 16. Given the length of the delay, the Court finds Plaintiff's delay in prosecuting this case to be unreasonable. Thus, prejudice is presumed and weighs in favor of dismissal. See, e.g., In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d at 1227 ("The law . . . presumes prejudice from unreasonable delay.").

### 4. Public policy favoring disposition on the merits

The fourth factor—public policy in favor of deciding cases on the merits—ordinarily weighs against dismissal. See In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d at 1228. Here, as it usually does, the fourth factor weighs against dismissal. It is, however, Plaintiff's responsibility to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics. See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility despite having been: (1) instructed on his responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. See Dkts. 12 at 19; 15 at 2; 17 at 1; 18 at 1. Under these circumstances, and without any other information from Plaintiff, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey Court Orders or to file responsive documents within the time granted.

### 5. Availability of less drastic alternatives

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. A "district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."

1  Henderson, 779 F.2d at 1424.  Less drastic alternatives to dismissal include warning a
2  party that dismissal could result from failure to obey a court order.  See Malone, 833
3  F.2d at 132 n.1.  Further, "a district court's warning to a party that his [or her] failure
4  to obey the court's order will result in dismissal can satisfy the 'consideration of
5  alternatives' requirement."  Ferdik, 963 F.2d at 1262 (citations omitted).

6  Here, the Court cannot move the case toward disposition without Plaintiff's
7  compliance with Court Orders or participation in this litigation.  Plaintiff has shown
8  he is either unwilling or unable to comply with Court Orders by filing responsive
9  documents or otherwise cooperating in prosecuting this action.  Given this record, the
10 Court finds that any less drastic alternatives to dismissal would be inadequate to
11 remedy Plaintiff's failures to obey Court Orders and to prosecute.

12 **6.    Summary**

13 Finally, while dismissal should not be entered unless Plaintiff has been notified
14 dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519,
15 1523 (9th Cir. 1990), the Court has warned Plaintiff about the potential that his FAC
16 could or would be dismissed.  See Dkts. 12 at 19; 15 at 2; 17 at 1; 18 at 1.

17 As discussed above, four (4) of the Rule 41(b) factors weigh in favor of
18 dismissal.  Accordingly, this action is subject to dismissal.

19 **IV.**
20 **ORDER**
21 **IT IS THEREFORE ORDERED THAT** Petitioner's case is **DISMISSED**
22 without prejudice.

23 Dated:  December 1, 2021

24 _____
25 HONORABLE VIRGINIA A. PHILLIPS
   United States District Judge

26 Presented by:
27 _____
   MARGO A. ROCCONI
28 United States Magistrate Judge

7